# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | §  Case Number: 4:21-CR-058 |
| v. | §  Judge Mazzant |
| | § |
| ROSA ALBINA VELASCO DE BALLIN (1) | § |
| | § |

## **MEMORANDUM OPINION & ORDER**

Pending before the Court is the Government's Emergency Motion for Stay of Magistrate Court's Order of Release and Appeal of Release Order (Dkt. #10). The Court, having considered the Motion and the applicable law, finds that the Magistrate Judge was correct in ordering release.

### BACKGROUND

This case concerns a drug trafficking organization responsible for importing large quantities of methamphetamine from Mexico into Texas. Defendant is accused of arranging a meeting between a member of the trafficking organization and an undercover officer. After the undercover officer completed a purchase for methamphetamine, authorities arrested Defendant. A grand jury indicted Defendant for Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, in violation or 21 U.S.C. § 846. The punishment range is not less than ten years and not more than life imprisonment. *Id.*

On March 12, 2021, Defendant appeared for a detention hearing before United States Magistrate Judge Suzanne Mitchell of the Western District of Oklahoma. After listening to testimony from Homeland Securities Investigation ("HSI") Special Agent Tim Pierce ("Agent Pierce"), Magistrate Judge Mitchell concluded that Defendant should be released from custody, subject to certain conditions. Thereafter, the Government filed an emergency motion requesting a

stay of Magistrate Judge's order of release (Dkt. #10). The Court granted this stay and ordered Defendant be remanded into custody of the United States Marshals pending decision on the appeal. The Court is in receipt of the Government's Motion (Dkt. #10), a supplement to the Motion (Dkt. #37), the transcript of the detention hearing, and the Pretrial Services Report (Dkt. #25).

## LEGAL STANDARD

The Bail Reform Act of 1984 (the "Act"), 18 U.S.C. § 3141, et seq., empowers a court to order a defendant's detention pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, . . . ." 18 U.S.C. § 3142(e). In enacting the Act, Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986). The Supreme Court has observed that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 107 S.Ct. 2095, 2105 (1987).

A defendant may seek reconsideration of a detention order by filing a motion for revocation under 18 U.S.C. § 3145(b). District courts review a motion to revoke a detention order *de novo* and "must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)). Because the review is *de novo*, courts consider both the original hearing transcript and any written arguments presented by the parties. *Id.*; *see also United States v. Tadlock*, 399 F. Supp. 2d 747, 749 (S.D. Miss. 2005).

By its very language, the Act demonstrates its favorable inclination toward the pretrial release of federal criminal defendants. For example, the Act requires that the court must order release on personal recognizance or on an unsecured appearance bond "unless the judicial officer

2

determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the court cannot find that such unconditional release will reasonably assure appearance as required or guard against danger to the community, then release shall be ordered upon the "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community," including, though not limited to, conditions specifically listed within the statute. 18 U.S.C. § 3142(c)(1)(B).

In determining whether there are conditions of release that will reasonably assure the appearance of a defendant as required and the safety of any other person and the community, the court must take into account information concerning the following: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a controlled substance or firearm; and (2) the weight of the evidence against the defendant. 18 U.S.C. § 3142(g)(1) & (2). Additionally, the court must consider the defendant's history and characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. § 3142(g)(3)(A). Further, the court must consider whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. 18 U.S.C. § 3142(g)(3)(B). Finally, the court must consider the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(4).

There is a rebuttable presumption that no condition or combination of conditions will reasonably mitigate the risk of flight or ensure safety of the community "if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A).

## ANALYSIS

The Government appeals Magistrate Judge Mitchell's decision to deny pretrial detention. Magistrate Judge Mitchell denied detention after finding conditions of pretrial release would reasonably assure appearance of Defendant at trial. The Government argues pretrial release was improper because Defendant failed to rebut the presumption that she is a risk of flight and danger to the community.

The Court finds detention is unwarranted. At the detention hearing, Defendant rebutted the presumption that no conditions of pretrial release would mitigate the risk of flight and danger to the community. This finding is supported by the § 3142(g) factors. Accordingly, the Government's appeal is denied.

**I.     Rebuttable Presumption**

The Government typically bears the burden of proof in detention cases, but there is a rebuttable presumption that a defendant is a flight risk and danger to the community if there is probable cause the defendant committed an offense listed under 18 U.S.C. § 3142(e)(3).

Defendant is charged with Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, in violation or 21 U.S.C. § 846. This is an offense listed under 18 U.S.C. § 3142(e)(3). Defendant was charged by indictment, which alone supplies probable cause

4

that she committed the crime. *United States v. Valenzuela-Verdigo*, 815 F.2d 1011, 1012 (5th Cir. 1987).

Accordingly, because there is probable cause to support the charge 21 U.S.C. § 846, there is a rebuttable presumption that Defendant is a flight risk and a danger to the community.

**II.     Detention**

On the merits, detention of Defendant is proper if no condition or combination of conditions will reasonably assure her appearance at trial and the safety of the community. 18 U.S.C. § 3142(e)(1). In determining whether such conditions exist, the Court may consider several factors including: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including the character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, and court appearance record; and (4) the nature and seriousness of the danger to any person or the community if released. 18 U.S.C. § 3142(g); *Rueben*, 974 F.2d at 586.

In the instant case, the Court finds the nature and circumstances of the offense and the weight of the evidence favor Defendant's release. Defendant is charged with a serious drug offense, and there is a presumption that she is dangerous, but her participation in the crime is attenuated. At the hearing, the Government presented testimony from Agent Pierce regarding details of the alleged offenses and investigation leading to Defendant's arrest. When asked about Defendant's role, Agent Pierce admitted that Defendant did not actually distribute drugs during her meeting with the potential buyer. Nor did she possess weapons or was she present at future meetings where co-defendants sold the illicit drug. Further, when arrested, Defendant did not flee from police and did not have any illegal substances or weapons in her vehicle. Methamphetamine

is a highly dangerous substance, but Defendant appears to have acted in a non-violent, introductory capacity in the conspiracy.

Similarly, the history and characteristics of Defendant weigh in favor of her release. Defendant has significant ties to the community. Defendant has lived in the United States for over ten years. Defendant has three siblings in Oklahoma City and lives with her mother in the area. She also has a son in the area who she is close with. Defendant has no criminal history and no record of failing to appear at court proceedings. The only substantive evidence offered by the Government on the issue is Defendant's expired visa and unverified employment. But Defendant is only residing in Oklahoma illegally because COVID-19 prevents her from returning to Mexico and renewing her visa. Further, Defendant testified that she does work as a cleaner and is saving to put money to her own business.

The Government did not put forward any argument about how Defendant is a danger to the community or flight risk. When asked on cross examination about Defendant's risk of flight, Agent Pierce admitted he had no evidence on the matter. Instead, the Government deferred entirely to the pretrial services report and Magistrate Judge Mitchell's analysis of the case. However, the pretrial services report only gives Defendant a 5% risk of failing to appear and a 5% risk of a new criminal arrest. Though there is a presumption that Defendant should be detained, detention requires some level of evidence about risk of flight and danger to the community, considering the substantive evidence offered in opposition.

Accordingly, the Court finds detention is improper because Magistrate Judge Mitchell's conditions of pretrial release mitigate any concerns that Defendant will flee or harm the community. These conditions include a $5,000 unsecured appearance bond, reporting to pretrial services, surrendering travel documents, and location monitoring. Reviewing the record and the

§ 3142(g) factors, the Court finds Defendant rebutted the presumption from § 3142(e)(3). Based on this information, Defendant should not be detained.

## CONCLUSION

It is therefore **ORDERED** that the Government's Emergency Motion for Stay of Magistrate Court's Order of Release and Appeal of Release Order (Dkt. #10) is hereby **DENIED**. Defendant shall be released on the conditions set by Magistrate Judge Mitchell.

**SIGNED this 20th day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE